NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| _____ | x | |
| ANGELO ORTIZ, et al., | x | |
| | x | Hon. Stanley R. Chesler, U.S.D.J. |
| Plaintiffs, | x | |
| | x | Civ. No. 03-3732(SRC) |
| v. | x | |
| | x | **OPINION** |
| | x | |
| OCEAN COUNTY PROSECUTOR'S | x | |
| OFFICE, et al., | x | |
| | x | |
| | x | |
| Defendants. | x | |
| _____ | x | |

**CHESLER, District Judge**

THIS MATTER comes before the Court on Defendant Nicole Ward's Motion for

Summary Judgment (docket item # 31). The Court having considered the papers submitted by

the parties, and for good cause shown, grants Defendant's Motion for the reasons set forth below.

**I. PROCEDURAL BACKGROUND**

On or about August 7, 2003, Plaintiffs filed a ten-count Complaint against Defendants

asserting causes of actions for alleged violations of the Fifth and Fourteenth Amendments (Count

One), Deliberate Indifference (Count Two), violations of 42 U.S.C. §§ 1983, 1985, and 1986

(Counts Three, Four and Five), Negligence (Count Six), Defamation (Count Seven), Abuse of

Process (Count Eight), Malicious Prosecution (Count Nine), and Intentional Infliction of

Emotional Distress (Count Ten).  Plaintiffs are the mother, father, and siblings of Damian Ortiz.
The lawsuit alleges causes of action by the Plaintiffs individually and on behalf of Damian Ortiz.

Previous motion practice in this case dismissed of Counts One through Five of the
Complaint.  Of the remaining five counts, all tort claims, only Count Ten pertains to Defendant
Ward.  The claim of intentional infliction of emotional distress as asserted by Plaintiffs in their
individual capacities was dismissed on or about April 7, 2004, by stipulation of the parties
(docket item # 27).  The only remaining claim against Defendant Ward, therefore, is intentional
infliction of emotional distress sought on behalf of the Plaintiffs' decedent, Damian Ortiz.  The
instant motion seeks to dismiss that claim.

Defendant Ward filed her motion on or about May 21, 2004.  Plaintiffs filed a response
on or about June 17, 2004, and Defendant filed a reply on or about the same day.  Shortly
thereafter, Plaintiffs' counsel, Mandy R. Steele, died and subsequently, on or about February 8,
2005, a Court Order substituted George P. Stasiuk, Esq. as Plaintiffs' counsel.  Although the
instant motion was fully-briefed prior to the appointment of new counsel, Magistrate Judge
Hughes permitted Plaintiffs the opportunity to submit additional opposition to the motion no later
than March 24, 2005.  As of May 5, 2005, Plaintiffs have not submitted additional opposition,
nor have they requested an extension of time.  Therefore, the Court considers the motion fully-
briefed on the papers it has before it and will decide the motion based upon those submissions.

## II. UNDISPUTED FACTS

The Court considers the following facts for purpose of this Motion, which the parties

represent as undisputed through their respective briefs.[1]  Plaintiffs' decedent, Damian Ortiz, and

Defendant Nicole Ward attended a party on July 25, 2001, at a private residence in Toms River,

New Jersey.  Following the party, Defendant Ward filed charges against Damian Ortiz and others

alleging that she was sexually assaulted at the party.[2]  The allegations by Defendant Ward

resulted in an arrest and formal charges against Damian Ortiz.  On or about August 22, 2002,

Damian pled guilty to downgraded charges of conspiracy to commit sexual assault against Nicole

Ward.  The state court judge accepted Damian's plea after questioning his understanding of the

plea bargain, his knowledge of his rights, and the voluntariness of his decision to enter the guilty

plea.

The plea hearing revealed the following account regarding the incident involving the

sexual assault.  Nicole Ward, who has some mental disabilities, was a victim of sexual assault on

July 25, 2001.  (Tr. of Plea, at 13-15.)  On that day, Damian Ortiz and two of his friends invited

Nicole to a party.  (Id. at 10-11.)  One of those friends picked up Nicole and brought her to the

party held at another friend's home. (Id. at 11.)  Damian was already at the party and before

---

[1]The Court notes Plaintiffs' objection to Defendant's presentation of undisputed facts.
Specifically, Plaintiffs suggest that Defendant is unable to sustain her burden because her "allegations are
not numbered nor specifically referenced to evidence presented to the Court."  Although the Court
prefers a separate statement of undisputed facts, the Court finds the Statement of Facts in Defendant's
moving papers sufficient for the purposes of this Motion.  Plaintiffs' response and Defendant's reply
refer specifically to this section.  As such, the Court is able to determine which facts are undisputed.
Therefore, the Court will not deny summary judgment in this case for non-compliance with Local Rule
56.1, but suggests the parties consult the local rules in future cases.

[2]Plaintiffs object to this statement to the extent that it does not indicate Defendant Ward filed her
charges approximately seven months after the alleged incident.  Defendant's response is that the timing
of the allegations is irrelevant.

Nicole's arrival, he and his friends talked about having sex with Nicole that afternoon regardless of "whether she was up for it." (Id. at 12.)  Damian believed that Nicole would have sex with whomever wanted it. (Id. at 13.)  Although Damian did not have sexual contact with Nicole that afternoon, he was aware that others were upstairs in a room with her. (Id.)  He later learned that while in that room, several people did have sexual contact with her. (Id. at 14.)  When she emerged from the room, Damian described Nicole to be laughing and not upset, but also admitted that he and others spit at her and called her names. (Id. at 15.)

As part of Damian's plea bargain, he agreed to testify against another individual implicated in the sexual assault.  However, before testifying, Damian committed suicide on October 27, 2002.  Subsequently, in August 2003, Plaintiffs filed their ten-count Complaint in this Court alleging, amongst other causes of action, that Nicole Ward made false allegations of sexual assault intending to inflict emotional distress.[3]

## III. LEGAL STANDARD

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996).  In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475

---

[3]Plaintiff's responsive papers include additional facts regarding the circumstances of the decedent's prosecution, but these facts are not relevant to the instant Motion and will not be included here.

U.S. 574, 587 (1986); <u>Pennsylvania Coal Ass'n v. Babbitt</u>, 63 F.3d 231, 236 (3d Cir. 1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." <u>Matsushita</u>, 475 U.S. at 586; <u>see</u> <u>also</u> <u>Anderson</u>, 477 U.S. at 247-48. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Celotex</u>, 477 U.S. at 324; <u>Big Apple BMW, Inc. v. BMW of N. Am., Inc.</u>, 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold"), <u>cert.</u> <u>denied</u>, 507 U.S. 912 (1993).

## IV. DISCUSSION

The only remaining count against Defendant Ward is Count Ten, Intentional Infliction of Emotional Distress, as alleged on behalf of the decedent Damian Ortiz. Plaintiffs' Complaint asserts, "As a result of the acts of the Defendants, Plaintiffs were caused to suffer great emotional stress and emotional harm ... [and] Defendants acted with the specific intent of causing the Plaintiffs harm, or with the knowledge that their actions would cause the Plaintiffs harm." (Compl. at 12.) To establish this claim, Plaintiffs must show:

5

(1) defendant engaged in conduct that was so extreme and outrageous 'as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community'; and 2) the conduct was intended to produce the emotional distress, or was in deliberate disregard of a high probability that emotional distress will follow; and (3) the plaintiff suffered emotional distress that is so severe that no reasonable person could be expected to endure it; and (4) defendant's actions were the proximate cause of the plaintiff's emotional distress.

Costello v. City of Brigantine, 2001 U.S. Dist. LEXIS 8687, at *66 (D.N.J. June 28, 2001)

(quoting Buckley v. Trenton Sav. Fund Soc., 111 N.J. 355, 366 (1988)).

In the present case, the alleged "conduct" at issue is a false charge of sexual assault against Damian Ortiz.  Plaintiffs argue that Defendant's false allegation rises to the level of conduct that would entitle Damian Ortiz's estate to damages for intentional infliction of emotional distress.  Defendant Ward asserts that Plaintiffs' claim fails as the required proof is similar for intentional infliction of emotional distress stemming from malicious prosecution, defamation, and false-light invasion of privacy.  In other words, Defendant argues Damian Ortiz's guilty plea precludes him from asserting that her allegation of sexual assault was false and, therefore, any related claim of emotional distress will fail.  Defendant analogizes to Walko v. Kean College, 235 N.J. Super 139, 149 (Law Div. 1988), where the New Jersey Superior Court held that non-actionable defamation cannot be the basis as a recovery for intentional infliction of emotional distress.

Plaintiffs' opposition to summary judgment focuses on the truthfulness of Defendant's allegations, insisting that "if a jury determines the allegations were false, the Plaintiffs are, in deed [sic], entitled to damages for emotional distress." (Pl. Opp. to Summ. J. at 6.)  Plaintiffs argue that the truthfulness of the allegation is "a significant material fact in dispute," preventing

the Court from granting summary judgment.  (<u>Id.</u>)  Plaintiffs do acknowledge that Damian pled

guilty, but argue he "never pled guilty to the alleged act."  (<u>Id.</u>)  However, as Defendant correctly

notes, the fact that Damian pled guilty to a downgraded charge does not lead to the conclusion

that the initial accusation was false or that the proceedings terminated in his favor.  <u>See</u>

<u>Mondrow v. Selwyn</u>, 172 N.J. Super 379, 384 (App. Div. 1980) (holding that in a malicious

prosecution case where defendant "compromised for his peace," he could not later contend that

the proceedings terminated in his favor).

   In the instant case, Damian Ortiz made a conscious and voluntary decision to plead guilty

to a lesser charge rather than face the accusations of sexual assault made by Defendant Ward.  On

August 22, 2002, Damian appeared before the Honorable Barbara A. Villano in the Superior

Court of New Jersey, where he was examined by the Court and the county prosecutor regarding

his guilty plea.  (Tr. of Plea at 6-16.)  Damian acknowledged that he wanted to plea guilty to the

fourth-degree charge in return for the dismissal of the higher charges against him.  (<u>Id.</u> at 7.)

Damian described a devised plan to sexually assault Nicole Ward, a young girl with mental

disabilities.  Considering this admission, the Court fails to see how allegations made by

Defendant Ward could possibly be described as "extreme or outrageous," or "beyond all bounds

of decency."

   The Court is convinced that Defendant Ward has met her burden for summary judgment

and as such, Plaintiffs must present specific facts which present issues for trial.  However,

Plaintiffs adduce no evidence to show this Court that Defendant Ward made her allegations with

the intent to inflict emotion distress or with a deliberate disregard of high probability that

emotion distress would result.  Plaintiffs do not present any factual basis for this Court to

conclude that Damian suffered emotional distress so severe such that no reasonable person could be expected to endure it.  Finally, Plaintiffs fail to introduce facts that indicate any resulting existing distress was directly caused by Defendant Ward's allegations.   These elements are required to succeed on a claim for intentional infliction of emotion distress, and Plaintiffs fail to present any facts that would lead this Court to find in their favor.

This Court finds no genuine issue as to the material facts of Defendant's conduct and finds that Defendant Ward's allegations were not "so extreme or outrageous" to meet the standard for infliction of emotion distress.  Further, the Court does not have before it any evidence of her intent to inflict such distress, nor is there any evidence presented by Plaintiffs which shows a purposeful disregard of a high probability of resulting distress.  Plaintiffs cannot succeed on a cause of action for the intentional infliction of emotional distress without evidence of these elements.  As such, Defendant Ward is entitled to judgment as a matter of law and this Court grants summary judgment in her favor as to Count Ten of the Complaint.

## V. CONCLUSION

For the reasons set forth above, Defendant Ward's Motion for Summary Judgment is GRANTED.  An appropriate form of order will follow.

Dated: May 5, 2005

_____/s/_____
STANLEY R. CHESLER
United States District Judge

8